| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>Edmond M. George, Esquire<br>Turner N. Falk, Esquire<br>Obermayer Rebmann Maxwell & Hippel LLP<br>1120 Route 73, Suite 420<br>Mount Laurel, NJ  08054<br>(856) 795-3300<br>(856) 482-0504 (fax)<br>edmond.george@obermayer.com<br>Turner.Falk@obermayer.com<br>*Counsel for Debtor, Stephen Norman Weiss*<br>**In re:**<br><br>**STEPHEN NORMAN WEISS,**<br><br>        **Debtor.** |

                   **Chapter 7**

                   **Case No. 21-10514-SLM**
                   **Hon. Stacey L. Meisel**

**RESPONSE OF DEBTOR STEPHEN NORMAN WEISS TO OBJECTIONS TO CLAIMED EXEMPTIONS**

    Bankruptcy debtor Stephen Norman Weiss ("Mr. Weiss"), by and through his counsel, hereby files this response in opposition to the objections to his claimed exemptions filed by Donald Biase, chapter 7 trustee and Moses & Singer LLP ("Objectors"), and states as follows:

## I.  STATEMENT OF THE CASE

    Mr. Weiss validly exempted his primary residence, titled as a tenancy by the entireties with his spouse (the "Property")[1]. Mr. Weiss elected to exempt the Property listed under 11 U.S.C. §522(b)(3). This provision exempts property held by tenancy by the entirety to the extent the debtor's interest is exempt from process under state law. Thus, the only question as to the validity of the exemption at issue is whether Mr. Weiss's interest in the Property is exempt from process

---

[1] Pursuant to NJSA 46:3-17.2(a), a tenancy by entireties shall be created when a husband and wife together take title to an interest in real property. . . under a written instrument designating both their names as husband and wife, or when language is used which states "……and….., his wife" or "…… and….., her husband".

under New Jersey law. It plainly is so exempt. Specifically, New Jersey Statute 46:3-17.4 (the "NJ Statute") provides that "[n]either spouse may sever, alienate, *or otherwise affect their interest* in the tenancy by the entirety . . . without the written consent of both spouses," so long as the tenancy was created after the NJ Statute's 1988 effective date. N.J.S.A. 46:3-17.4; see also Jimenez v. Jimenez, 185 A. 3d 954, 956 (N.J. App. Div. 2018) (noting NJ Statute applies to all tenancies created after 1988 effective date). *Every* court that has analyzed this statute has held that it brought to New Jersey the "majority view" of entireties interests under which such interests are exempt from process—given that process would of course "affect" those interests—for entireties created after 1988, as here. As one bankruptcy court surveying New Jersey cases and applying the NJ Statute held: "[G]iven the *clear language of the NJ statute* and the *unanimous holding* of all of the cases issued after the enactment of the NJ Statute which analyzed the NJ Statute, it is clear that creditors of the Debtor are prohibited from levying or selling [the entireties home] under applicable New Jersey law without the consent of the Debtor's spouse and, therefore, *the Debtor's interest in the [entireties home] is exempt under § 522(b)(3)(B)*." In re Wanish, 555 B.R. 496, 499-500 (Bankr. E.D.Pa. 2016) (emphasis added).

Here, the tenancy by the entirety was created after 1988. Thus, the NJ Statute applies. As a result, Mr. Weiss's interest, which is shared with his non-debtor spouse, cannot be "otherwise affected" without his spouse's written consent, which she has not provided. It is therefore exempt from process, and, exempt under the Code. The Objectors, in arguing to the contrary, ignore the NJ Statute entirely, and cite to a single unpublished federal opinion that has no relevance here. That opinion, and the cases cited therein, each fail to examine or discuss the NJ Statute, predate the applicable case law, and/or rely on cases that are not controlling and not relevant. Consistent with the plain language of the NJ Statute and the uniform view of courts addressing it,

the Court should reject the Objectors' objections and hold that the Property is properly exempted from the Estate.

## II. FACTS AND PROCEDURE

By a properly-recorded deed dated September 7, 1989, Mr. Weiss and his spouse Roberta Weiss became the owners of the Property, located at 90 Prospect Terrace, Tenafly, New Jersey 07670. The deed conveyed the Property to "Stephen Norman Weiss and Roberta Weiss, his wife" – a conveyance that resulted in the Property being held by these spouses by the entireties. A true and correct copy of the deed is attached as **Exhibit A**.

On January 22, 2021, Mr. Weiss filed a voluntary petition commencing the instant chapter 7 bankruptcy case, and Donald Biase (the "Trustee") was appointed chapter 7 trustee. Mr. Weiss has one creditor, Moses & Singer LLP ("M&S"), to which Mr. Weiss's debt is his alone, not his spouse's.

On February 9, 2021, Mr. Weiss filed his schedules and statements. (DI #7). On Schedule C, Mr. Weiss scheduled the Property as exempt pursuant to 11 U.S.C. §522(b)(3)(B).

On March 8, 2021, the Trustee filed an objection to this claimed exemption. (DI #19). On March 18, 2021, M&S filed an objection on identical grounds. (DI #27, collectively with DI #19, the "Objections"). The Objections fail to mention the controlling NJ Statute or any case law applying it.

## III. ARGUMENT

The Property is plainly exempt from the estate. The Code permits debtors to exempt property from the bankruptcy estate. Exempt property is carved out of the bankruptcy estate and is not administered by the trustee or subject to the claims of prepetition creditors. 11 U.S.C.

§522(b)(1) (valid exemption removes exempted property from "property of the estate"). Under 11 U.S.C. §522, a bankruptcy debtor must elect one of two regimes, one allowing "federal exemptions", the other allowing exemptions enumerated under Section 522(b)(3), which includes "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law."

Mr. Weiss elected the exemptions under Section 522(b)(3). Thus, the only question is whether his interest in the Property is exempt from process under New Jersey law. As discussed in more detail below, it is clearly so exempt. *First*, the plain language and express intent of the NJ Statute make clear that it exempts post-1988 entireties, like the Property, from process. *Second*, consistent with that plain language, every court that has analyzed the NJ Statute has held that it brings to New Jersey the "majority view" of entireties, under which Mr. Weiss's interest in the Property is exempt from process—indeed, the only bankruptcy decisions addressing the NJ Statute both held that it exempts the debtor's interest in entireties from process, and those decisions have been cited favorably by the New Jersey Appellate Division. *Third*, there is no contrary authority applying the NJ Statute, and the only decision cited by the Objectors, as well as the only cases that decision cites, fail to address the NJ Statute and are neither controlling nor apposite. Accordingly, the Court should affirm Mr. Weiss's exemption.

**A. The Plain Language and Express Intent of the NJ Statute Makes Clear Mr. Weiss's Interest in the Property is Exempt from Process.**

Prior to 1988, New Jersey adopted the "minority view" on tenancies by the entirety under which "[e]ach spouse has a separate right to a one-half interest in entirety property during the marriage subject to the survivorship rights of the other spouse," "either spouse can alienate or encumber his or her one-half share," and "[t]hus creditors may seek partition or an accounting to

satisfy one spouse's separate debt" and were "entitled to collect against the right of survivorship of the debtor spouse if the debtor survives." Ex. B at PDF p. 27 (a true and correct copy of the NJ Statute's legislative history, as provided by the New Jersey State Library—also available at https://repo.njstatelib.org/bitstream/handle/10929.1/18307/L1987c357.pdf).

However, New Jersey law changed in 1988, when the State enacted the NJ Statute. The stated purpose of the NJ Statute is to protect the "marital estate"—both the possession of the marital property and the value of that property are safeguarded for the marriage—by adopting the "majority interpretation of tenancy by the entirety," under which there is ***only one interest*** in the property, belonging to both spouses, and that interest "is protected from the separate creditors of each spouse during the marriage," such that neither spouse, nor their separate creditors, "can alienate or encumber" the interest without the written consent of the other spouse. Id. at PDF p. 26-29. This majority view that the NJ Statute implemented is well-established in Virginia and Pennsylvania, two of the jurisdictions cited by the NJ Statute legislative history, id. at PDF p. 26 n.143, where entireties property is routinely held exempt in bankruptcy proceedings, except from the claims of joint creditors. In re Bunker, 312 F.3d 145 (4th Cir. 2002) (applying Virginia law); In re Brannon, 476 F. 3d 170 (3d. Cir. 2007) (applying Pennsylvania law). For example, in Brannon, the Third Circuit noted as to the majority view reflected in Pennsylvania law:

> If the trustee's position prevailed, it would sever the unity of the tenancy and make the husband and wife co-tenants with different rights and obligations. This result is illustrated in a situation in which a husband files for bankruptcy and his creditors are able to reach 50% of the entireties property. The non-bankrupt wife would become a tenant in common of the remaining property, which would be subject to access by her creditors. Such a result would be contrary to the policy of tenancy by the entireties to shield the marital estate. We decline to weaken this time-honored doctrine to that extent."

In re Brannon, 476 F. 3d 170, 177 (3d. Cir. 2007).

The plain language of the NJ Statute effectuates this intent by providing that "[n]either spouse may sever, alienate or ***otherwise affect their interest in the tenancy by the entirety***" absent written consent of the other spouse. N.J.S.A. 46:3-17.4. This language is intentionally expansive: it applies to anything that can "affect" interests in post-1988 entireties property.[2] See <u>Wilson ex rel. Manzano v. City of Jersey City</u>, 39 A.3d 177, 185 (N.J. 2012) ("[M]ore general words can indicate a statutory purpose to broaden the scope of the statute."). Clearly, if one spouse could unilaterally accrue debt and subject their entireties interest to process in order to satisfy his or her separate creditors, it would "affect their interest" in the entireties property. Thus, the plain language of the statute precludes service of process on the interest, consistent with the majority view on entireties that it was intended to adopt. The Court should follow the plain language of the statute and find Mr. Weiss's exemption valid on that basis alone.

### B. Application of State Law to the Instant Case

In making a ruling under state law, the bankruptcy court is bound by the holdings of the highest court in that state. There are no decisions from the New Jersey Supreme Court applying the NJ Statute. However, given the plain language of the statute, there can be no question that the New Jersey Supreme Court would apply it to exempt entireties interest from process. See <u>Wilson</u>, 39 A.3d at 185 ("[The court's] paramount goal in interpreting a statute is to give effect to the Legislature's intent. . . . When that intent is revealed by a statute's plain language – ascribing to the words used 'their ordinary meaning and significance'" the court must follow that plain language).

---

[2] The historical background above and the passage of the NJ Statute in response to the Commission's report (<u>see</u> Ex. B at PDF pp. 11, 22-29) shows that the NJ Statute was intended to be remedial, and should be interpreted to effectuate its purpose. <u>Sabella v. Lacey Township</u>, 497 A.2d 896 (App. Div. 1985) (noting that remedial statutes must be liberally construed); <u>Metpark Inc. v. Kensharper</u>, 501 A.2d 1068 (Law Div. 1985) (ruling that remedial statutes will be construed to give words the most extensive meaning to which they are susceptible).

Further, all of the cases applying the NJ Statute make clear that, consistent with its plain language, the statute adopts the majority view on tenancies and exempts entireties property from process by creditors of just one spouse. The New Jersey case that is most directly on point holds that the NJ Statute effected a change from the prior law to embrace the majority view on entireties, explaining: "A statute must be construed in a sensible fashion to give meaning to its provisions. There would have been little point for the Legislature to have enacted [the NJ Statute] if it only intended to continue established principles of case law regarding tenancies by the entirety." Jimenez v. Jimenez, 185 A. 3d 954, 958 (N.J. App. Div. 2018). The Jimenez court thus held that the NJ Statute "applies to a situation where, as here, one spouse's failure to pay his personal debts to third-party creditors has resulted in a money judgment entered against him alone." Id. The court in Jimenez therefore held that the NJ Statute barred one spouse's creditors from forcing a partition and sale of the co-owned tenancy by the entirety.[3]

Notably, in analyzing the NJ Statute, the Jimenez court cited favorably two bankruptcy court opinions which are both directly on point to the case at bar: In re Montemoino, 491 B.R. 580, 589 (Bankr. M.D. Fl. 2012) and In re Wanish, 555 B.R. 496, 499 (Bankr. E.D.Pa. 2016). See Jimenez, 185 A. 3d at 958 ("the prohibition on a spouse's ability to alienate his or her own interest in entireties property under [the NJ Statute] evidences the legislature's intent to preserve the entireties estate and to elevate the interest of a married couple in the protection of their entireties property over the interest of a creditor of a single spouse in executing on such property" (quoting Wanish and Montemoino) (internal quotation marks omitted)).

---

[3] The court did not address the specific issue of exemption from process, which was not before it because, prior to the decision, the parties had settled and already consented, via the settlement, to a lien that the creditors could not have imposed without such consent under the statute.

Both Wanish and Montemoino also involved debtors who sought to exempt properties in New Jersey that were held in tenancy by the entirety and that were deeded after the adoption of the NJ Statute, like the Property at issue here. In each case, the bankruptcy court held that under the NJ Statute, the entirety properties at issue were exempt from process. See Wanish, 555 B.R. at 499-500; Montemoino, 491 B.R. at 588-91. In Wanish, Judge Chan further held that, pursuant to 11 U.S.C. § 522(b)(3)(B), the property was exempt from the debtor's estate. See Wanish, 555 B.R. at 499-500.[4]

Wanish and Montemoino are the only cases to directly address the issue in this case. They were cited with approval by the only New Jersey court to come close to addressing the issue, and that court made clear that the intent and plain language of the NJ Statute brought to New Jersey the majority view on entireties, which exempts them from process. Here, as in those cases, Mr. Weiss's creditors are his alone. Therefore, the Property is exempt from process under the NJ Statute and is therefore exempt from Mr. Weiss's estate pursuant to 11 U.S.C. § 522(b)(3)(B). "To hold otherwise would eviscerate the legislative protection afforded to such property and ignore the long-standing and distinguishing feature of an entireties estate, thus allowing the Trustee to infringe upon and destroy the non-debtor spouse's *per tout* interest." Montemoino, 491 B.R. at 591.

### C. The Objectors' Case Law is Neither Controlling nor Apposite

The Objectors, in arguing against Mr. Weiss's valid exemption, cite to a single unpublished federal opinion that has no relevance here. Specifically, as the sole support for these objections, the Objectors cite In re: Tarquinio, 2017 WL 5707538 (D. N.J. 2017). Tarquinio and the cases cited therein do not control the matter at hand.

---

[4] The Bankruptcy Court in Montemoino did not have to reach the §522(b)(3)(B) issue because the property had been liquidated prior to the bankruptcy. *See* 491 B.R. at 584-85.

*First*, federal courts cannot abrogate the plain meaning of the NJ Statute or a New Jersey state court's interpretation of it. See Fidelity Trust Co. v. Field, 311 U.S. 169, 177-78 (1940). Tarquinio, and the cases cited therein, each predate Jimenez, the only reported New Jersey state court decision to apply the NJ Statute in the context of third-party creditors. The plain language of the statute, and the only New Jersey authority applying it, control the question in this matter, not an unreported federal case that fails to even mention the statute.

*Second*, as noted, Tarquinio and the cases cited therein do not discuss, examine or interpret the NJ Statute. S.E.C. v. Antar, 120 F.Supp.2d 431 (D.N.J. 2000), a case cited in Tarquinio, relies on outdated New Jersey case law that predates the NJ Statute (specifically Newman v. Chase, 359 A.2d 474 (N.J. 1976)), and case law that expressly pertains to property deeded prior to, and outside the purview of, the NJ Statute (specifically Freda v. Commercial Trust Co. of N.J., 570 A.2d 409 (N.J. 1990)). Furthermore, the Jimenez court expressly dismissed Antar because "[t]here is no indication that the district judge in Antar considered the impact of [the NJ Statute]". Jimenez, 185 A. 3d at 958 n.4. U.S. v. Avila, 88 F.3d 229 (3rd Cir. 1996), another case cited in Tarquinio, pertains to a tax lien that predates the NJ Statute and similarly relies on Newman (which predates the NJ Statute) and Freda (which expressly pertains to property deeded prior to the NJ Statute).

In short, the Objectors are attempting to take the same approach as the Trustee in Wanish by ignoring the plain language of the NJ Statute and relying on case law reflecting New Jersey's pre-statute common law. As the Bankruptcy Court in Wanish held:

> "Although the Trustee relies upon New Jersey cases and cases from this Circuit which support his contrary position and were issued after the adoption of the NJ Statute, this Court respectfully disagrees with the holding in such cases because each of them failed to consider the NJ Statute and instead relied upon: (1) cases which were issued prior to the enactment of the NJ Statute, see Newman v. Chase, 70 N.J. 254, 359 A.2d 474 (1976) and King v. Greene, 30 N.J. 395, 153 A.2d 49 (1959); or (2) a case which was issued after the enactment of the NJ Statute but which expressly recognized that the NJ Statute did not apply in that case because

the entireties tenancy in question had been established before the effective date of the NJ Statute, see Freda v. Commercial Trust Co. of New Jersey, 118 N.J. 36, 570 A.2d 409 (1990)."

Wanish, 555 BR at 499.

This Court should do the same. In sum, "given the clear language of the NJ Statute and the unanimous holding of all of the cases issued after the enactment of the NJ Statute which analyzed the NJ Statute, . . . the creditors of the Debtor are prohibited from levying or selling the [Property] under applicable New Jersey law without the consent of the Debtor's spouse and, therefore, the Debtor's interest in the [Property] is exempt under § 522(b)(3)(B)." Id. at 499-500.

**CONCLUSION**

For the aforementioned reasons, the Debtor respectfully requests that this Court overrule the Objectors' Objections and find the Property is exempt pursuant to 11 U.S.C. §522(b)(3)(B).

OBERMAYER REBMANN MAXWELL & HIPPEL LLP

*/s/ Turner N. Falk*
Turner N. Falk, Esq.
1120 Route 73, Suite 420
Mount Laurel, NJ 08054
*Counsel for The Debtor*

Dated: April 6, 2021