| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br>**MOSES & SINGER LLP**<br>John V. Baranello (NJ Bar No. 033262009)<br>405 Lexington Avenue<br>New York, New York 10174<br>Telephone: (212) 554-7800<br>Facsimile: (212) 554-7700<br>and<br>Court Plaza South – East Wing<br>21 Main Street, Suite 101<br>Hackensack, NJ 07601-0647<br>Telephone: (201) 363-1210<br>Facsimile: (201) 363-9210<br>*Counsel for Creditor Moses & Singer LLP* | |
| In Re:<br><br>**STEPHEN NORMAN WEISS,**<br><br>               Debtor. | Case No.: 21-10514 SLM<br><br>Honorable Stacey L. Meisel<br><br>Chapter: 7 |

_____

### VERIFIED MOTION IN SUPPORT OF ENTRY OF AN ORDER QUASHING RULE 2004 SUBPOENA ISSUED BY THE DEBTOR UPON ON CREDITOR

_____

TO:    HONORABLE STACEY L. MEISEL
         UNITED STATES BANKRUPTCY JUDGE

       Moses & Singer LLP ("M&S"), by and through its counsel, M&S, respectfully moves (the "Motion") this Court for an order quashing the subpoena issued by the Stephen Norman Weiss (the "Debtor") on M&S, a creditor in the bankruptcy case, pursuant to Federal Bankruptcy Rules of Bankruptcy Procedure ("Bankruptcy Rules") 2004 and D.N.J. LBR 2004-1(d). In support of this request, M&S respectfully states as follows:

**Introduction**

1. On December 13, 2021, the Debtor served a subpoena on M&S (the "M&S Subpoena"),[1] a creditor in the bankruptcy case. The M&S Subpoena does not request any documentation regarding M&S's claim in the bankruptcy case or any potential claim that the Trustee or the Debtor could have against M&S. The M&S Subpoena seeks information exclusively relating to potential claims that M&S, or the Trustee could potentially have related to the Debtor's discharge or the dischargability of the M&S Claim (defined below)[2] and is simply a preemptive, improper attempt to obtain information regarding potential actions that may be commenced in the future by the Trustee and/or M&S. However, M&S and the Trustee have not finished their investigation and have not yet determined whether an adversary proceeding or adversary proceedings objecting to the Debtor's discharge or the dischargability of the M&S Claim will be commenced and the details regarding any such proceedings. If and when such actions are commenced the Debtor will have ample opportunity to take appropriate discovery. Moreover, forcing M&S to comply with the M&S Subpoena would be unduly burdensome and would cause M&S to spend unnecessary time and incur unnecessary expense to produce documents (many of which are (or should be) in the Debtor's position). Thus, the M&S Subpoena should be quashed pursuant to Federal Rules of Civil Procedure

---

[1] A true and correct copy of the M&S Subpoena is attached hereto and incorporate herein as **Exhibit A.**

[2] M&S Subpoena contained the following three requests:

1. All documents concerning any potential grounds on which You may or plan to challenge the discharge of the Debtor or claim nondischargeablity of any Debt.
2. All documents concerning any investigation into or assessment of the Debtor's finances or financial circumstances, including the Debtor's ability to make payments on the promissory note that forms the basis of Your claim herein, including but not limited to the investigation and/or assessment of the Debtor's finances conducted by M&S in or around 2013.
3. All documents provided by the Debtor, at any time prior to the initiation of the Bankruptcy Case, to M&S, or to any person acting on M&S's behalf, and that have been retained by M&S, that relate to the Debtor's finances or financial situation.

M&S Subpoena, Schedule A.

("Fed. R. Civ. Pro.") 45, made applicable to this case by Bankruptcy Rule 9016.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are 11 U.S.C. § 105(a), Bankruptcy Rules 2004 and 9016, Fed. R. Civ. Pro. 45 and D.N.J. LBR 2004-1(d).

**Background**

5. On January 22, 2021 (the "Petition Date"), the Debtor filed this bankruptcy case (the "Bankruptcy Case").

6. On January 23, 2021, Donald V. Biase (the "Trustee") was appointed the interim Chapter 7 Trustee in the Bankruptcy Case [Docket No. 2].[3]

**M&S Claim**

7. M&S holds a claim in the amount of $1,913,195.01 based on a note (the "M&S Claim"), which was about to be reduced to judgment (after a successful motion for summary judgment) when the Debtor filed this bankruptcy case. The Debtor scheduled the claim as non-contingent, liquidated, and not disputed in the amount of $1,902,150.85, which didn't reflect all of the interest due on the note.

8. On May 17th and 18th, 2021, M&S timely filed proofs of claim on account of the M&S Claim, such claims were assigned Claim Nos. 2 (as amended) and 3 (the "M&S POCS").

---

[3] The 341 hearing was held on February 18, 2021, at which time the Trustee became the permanent trustee pursuant to 11 U.S.C. § 702(d).

9. The M&S Claim is the largest claim by far in the Bankruptcy Case.

**Discharge/Dischargeability Investigation**

10. M&S (working in conjunction with the Trustee) is in the process of conducting an investigation of the Debtor's financial affairs to determine, among other things, if cause exists to either object to the Debtor's discharge of the dischargeability of the M&S Claim.

11. The investigation has included M&S serving the Debtor and his wife Roberta Weiss ("RW") with subpoenas in September 2021 compelling (a) the production of certain documents and (b) their appearance at examinations to provide testimony, under Bankruptcy Rule 2004 (the "Subpoenas"). In response to the Subpoenas and M&S's identification of deficiencies in the Debtor's and RW's productions, they have made a series of document productions, with the most recent occurring on December 29, 2021. As a result of the Debtor's and RW's failure to complete their productions when required by the Subpoenas, deficiencies in those productions and issues raised by the documents that have been produced, (i) the Debtor's examination has not been commenced, (ii) RW's examination has not been completed, and (ii) M&S has issued 12 third-party subpoenas to gather additional records. The responses to the third-party subpoenas will not be received until mid-January 2022 at the earliest.[4]

12. Therefore, the investigation regarding whether the Debtor is entitled to a discharge generally or whether the M&S Claim is dischargeable is very much ongoing.

13. Neither M&S nor the Trustee have determined what claims, if any, it may bring against the Debtor.

---

[4] The current deadline for the Trustee and M&S to file complaints challenging the Debtor's discharge and the dischargeability of the M&S Claim is March 4, 2022.

**Subpoena to M&S**

14. On December 13, 2021, the Debtor emailed M&S the M&S Subpoena. The production date was extended by agreement up to and including January 11, 2022.

15. A review of the M&S Subpoena reveals that none of the requests seek information that is properly discoverable under Bankruptcy Rule 2004.

16. Prior to filing this Motion, M&S engaged in a good faith "meet and confer" process with the Debtor's counsel through multiple email exchanges and a telephone call on January 5, 2022, requesting that, for all of the reasons detailed below, the Debtor withdraw the M&S Subpoena. However, while the Debtor did agree to withdraw Request #1, he has elected to move forward with the balance of the M&S Subpoena, which necessitates the filing of this Motion.

**Relief Requested**

17. By this Motion, M&S seeks entry of an order, substantially in the form of **Exhibit B** hereto ("Proposed Order"), pursuant to Bankruptcy Rule 9016 and Fed. R. Civ. P. 45(d)(3)(A) quashing the M&S Subpoena and granting such other relief as the Court deems just and proper.

**Basis for Relief Requested**

**Local Rules**

18. Pursuant to Local Bankruptcy Rule 2004-1(d):

> On motion of the examinee or a party in interest, the court may quash or modify a subpoena issued under subdivision (b). The filing of the motion prior to the date set for the examination or document production stays the subpoena until the court rules on the motion.

D.N.J. LBR 2004-1(d).

19. M&S filed this Motion in advance of the production date. Accordingly, the Motion

stays the subpoena pending this Court's ruling on this Motion.

**The M&S Subpoena Must be Quashed Because it Subjects M&S to Undue Burden**

20. Fed. R. Civ. Pro. 45(d)(3)(A), made applicable in bankruptcy by Bankruptcy Rule 9016, provides in relevant part: "[o]n timely motion, the issuing court must quash or modify a subpoena that: … (iv) subjects a person to undue burden."

21. The burden of proof to demonstrate a subpoena's undue burden lies with the objector to the subpoena. *See Official Committee of Unsecured Creditors v. Ashdale (In re LaBrum & Doak)*, 1998 Bankr.LEXIS 925, at *6–7 (Bankr.E.D.Pa. July 27, 1998) (*citing Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y.1996)). Courts take into account "*relevance, the need of the party for the documents*, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Concord Boat Corp.,* 169 F.R.D. at 49 (citations omitted)(emphasis added). Another consideration is the value of the information to the issuing party in comparison to the burden imposed on the subpoenaed party. *See Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D.Conn.2005).

22. Once a motion to quash a subpoena is filed, the subpoena's issuer must show good cause for the Rule 2004 examination. *See In re Eagle–Picher Indus., Inc.*, 169 B.R. 130, 134 (Bankr.S.D.Ohio 1994). It is well established that the party seeking authority to use the broad powers afforded under Rule 2004 must establish good cause for the relief requested. Thus, the party serving a Rule 2004 subpoena "bears the burden of proving that good cause exists for taking the requested discovery." *In re: Wilcher*, 56 B.R. 428, 434 (Bankr. D.N.J. 1985). This generally requires a showing of some reasonable basis to examine the material sought to be discovered. *Id*. The burden is not met merely showing that justice would not be impeded by a production of the requested documents. *Id*. at 435.

23. Once good cause is established, the objecting party must convince the court of the impropriety of the Rule 2004 examination. *See In re Buick*, 174 B.R. 299, 304 (Bankr.D.Colo.1994).

24. Bankruptcy Rule 2004(a) provides "[o]n motion of any party in interest, the court may order the examination of any entity." Rule 2004 further provides the examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to discharge."

25. The scope of Bankruptcy Rule 2004 "has been explained as a broad investigation into the financial affairs of the debtor for the purpose of the discovery of assets of the estate and the discovery of fraudulent conduct." *2435 Plainfield Ave., Inc. v. Twp. of Scotch Plains, (In re 2435 Plainfield Ave., Inc.),* 223 B.R. 440, 456 (Bankr.D.N.J.1998).

26. It is important to note that:

> the breadth of scope of a [Rule] 2004 examination derives from the particular purpose for which [Rule] 2004 and its predecessor provisions under the Bankruptcy Act were promulgated. That is to allow a *Trustee, or others interested in accomplishing the same ends,* to discover and investigate how to bring to light possession of assets of the debtor that might be intentionally concealed or overlooked in ignorance or haste.

In re Mattera, No. 05-39171, 2007 WL 1813763, at *2 (Bankr. D.N.J. June 13, 2007)(citing to *In re Valley Forge Plaza Assoc.,* 109 B.R. 669, 674 (Bankr.E.D.Pa.1990)(other internal citations omitted (emphasis added)).

27. Here, the Debtor has requested that its creditor, M&S, provide to the Debtor information gathered by that creditor regarding the Debtor's own assets (and with regard to Request #3, produce back to the Debtor its own records that the Debtor may have elected not to maintain). This is outside of the scope of Bankruptcy Rule 2004 (despite its broad scope) and can only be described as harassment.

28. The Debtor's stated purpose for issuing the M&S Subpoena is that the production "relates" to the Debtor's "right to a discharge" because M&S (with the Trustee) is investigating the Debtor's financial affairs to determine if there is basis for challenging the Debtor's discharge and/or the dischargeability of M&S Claim.

29. However, the Debtor, himself, does not need information from M&S to investigate his position with regard to his "right to a discharge." By filing a voluntary petition for relief under Chapter 7, the Debtor has taken the position that he is entitled to his discharge. It is, therefore, up to the Trustee and other parties-in-interest (such as M&S) to investigate this claim (which they are) and challenge such right (if there are appropriate grounds).

30. The issuance of the M&S Subpoena is a transparent "tit for tat" effort by the Debtor, i.e., M&S is investigating the Debtor and has subpoenaed the Debtor's wife so the Debtor has elected to impose the burden of responding to a subpoena on M&S.

31. Further, the Debtor's requests appear tailored to begin to prepare a defense to an adversary proceeding that M&S may or may not bring (depending on the outcome of the current investigation). This is not a proper use of Bankruptcy Rule 2004.

32. There is absolutely no need for the Debtor to receive any information from M&S at this time to form his position on his own "right to a discharge" or any other issue related to the administration of his bankruptcy case. Therefore, the M&S Subpoena appears to be an attempt to simply harass or burden M&S because M&S is investigating the Debtor.

33. The fact that the information that is responsive to the M&S Subpoena is not relevant to any current issue and, therefore, the Debtor has no need to receive such information, necessarily means that the time and expense that it would cost M&S to gather any such records is an undue burden, easily meeting the standard set out in Fed. R. Civ. Pro. 45(d)(3)(A)(iv).

34.     If M&S ultimately brings an adversary proceeding, the Debtor will have the benefit of the discovery tools under the Fed. R. Civ. Pro. to test the sufficiency of the allegations contained in the adversary complaint. Until such time, there is no reasonable basis to require M&S to produce documents in response to the M&S Subpoena.

## Conclusion

35.     For all of the foregoing reasons, M&S requests that this Court enter the Proposed Order quashing the M&S Subpoena.

Respectfully submitted,

**MOSES & SINGER LLP**
Counsel of Moses & Singer LLP

Date:  January 10, 2022         */s/ John V. Baranello*
                                John V. Baranello

## VERIFICATION

I, Jessica K. Bonteque, hereby certify and verify under penalty of perjury that:

1. I am a partner at Moses & Singer, a creditor in Bankruptcy Case In re Stephen N. Weiss, Case No. 21-10514-SLM;

2. I have read the factual allegations contained in the foregoing and affirm such allegations are true and accurate to the best of my knowledge, information and belief; and

3. I am aware that if any of the allegations contained in the foregoing Verified Motion are willfully false, I am subject to punishment.

Date: January 10, 2022                     */s/  JESSICA K. BONTEQUE*
                                           JESSICA K. BONTEQUE