**EXHIBIT A**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT
_____ District of New Jersey_____

In re Stephen Norman Weiss_____     Case No. 21-10514-SLM_____
                      Debtor

                                      Chapter 7_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Moses & Singer LLP_____
*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| 90 Prospect Terrace, Tenafly, NJ 07670, or by other means as agreed by the parties pursuant to an an electronically stored information protocol. | Monday, December 27, 2021, at 9:30 a.m. (Prevailing Eastern Time) |

The examination will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

    Listed on Schedule A and such documents shall be produced to Daniel B. Weiss at the above listed address by no later than December 27, 2021

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: December 13, 2021_____

                CLERK OF COURT

                                                OR

   _____        /s Daniel B. Weiss_____
   *Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Stephen Norman Weiss_____ , who issues or requests this subpoena, are:

Daniel B. Weiss, Esq., 90 Prospect Terrace, Tenafly, NJ, 07670
dbw784@gmail.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

Schedule A

DEFINITIONS

1. The terms "You", "Your" and "M&S" refer to Moses & Singer LLP, andall of its current and former partners, affiliates, associates, agents, representatives, assigns and employees.

2. The term "Bankruptcy Case" shall mean the voluntary bankruptcy case filed by the Debtor under Chapter 7 of Title 11 of the United States Code pending in the United States Bankruptcy Court for the District of New Jersey and assigned Case No. 21-10514-SLM.

3. The term "Debtor" refers to Stephen Norman Weiss.

4. The term "The Note" refers to the promissory note dated November 16, 2012, signed by Debtor, pursuant to which M&S's claims in the Bankruptcy Case relate.

5. The term "Debt" refers to any amounts for which M&S has filed a claim in the Bankruptcy Case.

6. The terms "all" and "each" should be construed as both all and each.

7. The terms "document" and "documents" mean and refer to both "documents" and "electronically stored information," as those terms are used in Rule 34(a) of the Federal Rules of Civil Procedure, and include, without limitation, any information, data, thing or document preserved in paper, electronic, video, audio, photographic or any other format. This includes, without limitation, hard-copy documents, data stored on film (*e.g.*, films, photographs, microfiche), data stored on tape (*e.g.*, analog audio recordings, system back-up tapes) and electronically stored information, which includes, without limitation, all documents, information and data stored in an electronic medium (*e.g.*, fixed or removable hard drive, servers, disks), regardless of the process or software used to create or receive the record.

8. The term "communication(s)" includes the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, written, verbal, electronic, or otherwise.

9. The term "concerning" shall mean relating to, reflecting, regarding, about, referring to, describing, involving, evidencing or constituting.

10. The term "person" shall mean any natural person or any business, legal or governmental entity or association.

11. The connectives "and" and "or" shall be construed either disjunctively, conjunctively, or as necessary to bring within the scope of each discovery request all responses that might otherwise be construed to be outside its scope.

INSTRUCTIONS

1. You are requested to produce all items, documents and things, wherever located, which are described below and which are in Your possession, custody or control, or to which You have access or the practical ability to obtain, or are in the possession, custody, or control of any agent, employee, partner, associate, attorney, contractor, accountant or other person(s) acting or purporting to act on Your behalf or to which any of them have access or the practical ability to obtain.

2. You are requested to produce all electronically stored information ("ESI") in native format, with all metadata preserved.

3. The Requests seek production of every responsive document in its entirety, without abbreviation or expurgation, including attachments or other matters affixed thereto.

4. If there are no documents responsive to any particular Request, You should so state in writing.

5. If You withhold any document responsive to the Requests based upon a claim of attorney-client privilege, the "work product" doctrine, or upon any other legal ground, You shall submit with respect to each document so withheld a concise written statement setting forth: (a) the precise legal ground(s) for withholding the subject document; (b) a general description of the nature and subject matter of the subject document; (c) the name(s) of the person(s) who prepared the subject document; (d) the name(s) of the person(s) to whom the subject document was sent; (e)the relationship of the author, addressees, and recipients to each other, where not apparent; (f) the names of all other persons who have seen or had even temporary possession of the subject document, in whole or in part; and (g)the date on which the subject document was prepared or initially received by You.

6. M&S's obligation(s) to respond to these Requests is continuing, and the responses to the following Requests are to be promptly supplemented to include subsequently acquired information in accordance with the requirements of Rule 2004 of the Federal Rules of Bankruptcy Procedure and the local rules of the United States Bankruptcy Court for the District of New Jersey.

7. If you object to any document request, state with specificity the grounds for each such objection.

8. Whenever necessary to bring within the scope of any document request information or documents that might otherwise be construed to be outside the scope: (a) the use of any verb in any tense shall be construed as the use of that verb in all other tenses and (b) the use of any word in its singular form shall be deemed to include within its use the plural form and vice versa.

## DOCUMENTS REQUESTED

1. All documents concerning any potential grounds on which You may or plan to challenge the discharge of the Debtor or claim nondischargeablity of any Debt.

2. All documents concerning any investigation into or assessment of the Debtor's finances or financial circumstances, including the Debtor's ability to make payments on the promissory note that forms the basis of Your claim herein, including but not limited to the investigation and/or assessment of the Debtor's finances conducted by M&S in or around 2013.

3. All documents provided by the Debtor, at any time prior to the initiation of the Bankruptcy Case, to M&S, or to any person acting on M&S's behalf, and that have been retained by M&S, that relate to the Debtor's finances or financial situation.