**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

Order Filed on March 15, 2022
by Clerk,
U.S. Bankruptcy Court
District of New Jersey

_____ :

In re:                                                :

                                                           :       CHAPTER 7

STEPHEN NORMAN WEISS,                   :

                    Debtor.                        :

                                                           :       CASE NO.:     21-10514 (SLM)

                                                           :

_____ :


**OPINION**


**APPEARANCES:**

Daniel Brian Weiss, Esq.
90 Prospect Terrace
Tenafly, NJ 07670
*Counsel to Debtor,*
*Stephen Norman Weiss*

Scott S. Rever, Esq.
Genova Burns, LLC
110 Allen Road, Suite 304
Basking Ridge, NJ 07920
*Counsel to Chapter 7 Trustee,*
*Donald V. Biase*

Jesse M. Weiss, Esq.,
Admitted *Pro Hac Vice*
79 Midwood Road
Glen Rock, NJ 07452
*Counsel to Debtor,*
*Stephen Norman Weiss and*
*Non-Debtor Spouse,*
*Roberta Gail Weiss*

John V. Baranello, Esq.
Jessica K. Bonteque, Esq.,
Admitted *Pro Hac Vice*
Alan E. Gamza, Esq.,
Admitted *Pro Hac Vice*
Moses & Singer LLP
405 Lexington Avenue
New York, NY 10174
*Counsel to Creditor,*
*Moses & Singer LLP*

**STACEY L. MEISEL, UNITED STATES BANKRUPTCY JUDGE**

The Bankruptcy Code and state law often intertwine.  One area in which this occurs is when debtors elect to utilize state law exemptions rather than federal exemptions.  While the Bankruptcy Code permits debtors to utilize state law exemptions—that permission comes with certain requirements.  Specifically, 11 U.S.C. §522(b)(3)(B) allows, among other things, debtors to exempt property owned immediately prior to filing the case, so long as the property is held as a tenant by the entirety and that entirety interest is exempt from process under state law.  By its express terms, the Bankruptcy Code does not provide an automatic exemption of an entirety interest simply because it is exempt under state law.  In New Jersey, tenants by the entirety possess a right to survivorship.  Under New Jersey law, that survivorship interest is subject to levy.  Levy is a form of process.  A debtor relying on section 522(b)(3)(B) cannot exempt property in New Jersey that is held in a tenancy by the entirety.

## JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984 and amended September 18, 2012.  This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) because it involves the allowance or disallowance of exemptions from the bankruptcy estate.  Venue is proper under 28 U.S.C. § 1408.

## FACTUAL AND PROCEDURAL BACKGROUND

### *THE REAL PROPERTY EXEMPTION*

Stephen Norman Weiss (the "**Debtor**") filed a voluntary petition for bankruptcy under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") on January 22, 2021.

2

ECF No. 1.[1]  The Debtor's *Schedule A/B* lists an interest in a single-family residence located at 90 Prospect Terrace, Tenafly, New Jersey (the "**Property**").  ECF Nos. 7 at 3, 98-2 at 1 and 124-1 at 1.  The Debtor exempts his interest in the Property from the bankruptcy estate pursuant to 11 U.S.C. §522(b)(3)(B), which permits a debtor to utilize state exemptions.  ECF Nos. 7 at 10, 107 at 1, 109 at 2 and 111 at 1.  Here, the Debtor asserts an exemption under New Jersey law.  ECF Nos. 45 at 1-3 and 111 at 1.  Specifically, the Debtor contends that the Property is owned as a tenancy by the entirety under New Jersey law and, therefore, it is exempt under the Bankruptcy Code.

The Debtor owns the Property with his non-debtor spouse, Roberta Gail Weiss ("**Mrs. Weiss**").  ECF No. 45-1 at 2.  The Debtor and Mrs. Weiss acquired the Property by deed conveying the property to "Stephen Norman Weiss, and Roberta Gail Weiss, his wife," dated and recorded September 7, 1989.  *Id.* at 2-3.  The Debtor and Mrs. Weiss own the property as tenants by the entirety.  ECF Nos. 45-1 at 2 and 124-1 at 2.  The Debtor values the Property at $1,130,000.00, subject to two mortgages totaling approximately $130,000.00.  ECF Nos. 7 at 12 and 124-1 at 1.  The Debtor, by relying on New Jersey law, seeks to shield his interest in the Property.  ECF Nos. 45 at 1-3 and 124-1 at 1.  Based upon the information provided by the Debtor, after deducting the

---

[1] All references to the docket herein are to the Debtor's main Chapter 7 case except when specifically referencing the adversary proceeding, which will be referred to as "**A/P ECF No.__.**"  The Trustee commenced a simultaneous adversary proceeding in which there is a pending Motion to Dismiss and Cross-Motion for Summary Judgment.  The parties agree that the Court's decision herein is also dispositive in the adversary proceeding.  Specifically, the ruling regarding the Debtor's claimed real property exemption determines whether the real property is property of the estate subject to sale under section 363 of the Bankruptcy Code.  The Court references the adversary proceeding and incorporates facts and arguments relevant to the main bankruptcy case.  The parties rely on both arguments and facts in the main case and the adversary proceeding, referencing and incorporating each matter in the other.

mortgages and dividing the equity, the Debtor's potential interest in the Property appears to be valued at approximately $500,000.00.  ECF Nos. 7 at 12 and 124-1 at1.[2]

### THE DEBT OWED TO MOSES & SINGER LLP

Besides the two mortgage holders, the Debtor lists Moses & Singer LLP ("**M&S**") as his only other secured creditor.  ECF No. 7 at 12-13.  On November 16, 2012, the Debtor executed a Demand Note (the "**Note**") in favor of M&S for an original principal amount of $1,173,000.00.  *Claims Register*, Proof of Claim No. 2-2.  On the same day, the Debtor also granted M&S a security interest in certain accounts receivable.  *Id*.  The Debtor's petition indicates that M&S has a claim of $1,902,150.85, secured by $2,000,000.00 of accounts receivable listed on the Debtor's petition as owed to the Debtor for performing legal services.  ECF No. 7 at 13.

On May 17, 2021, M&S filed a *Proof of Claim* for an unknown amount.[3]  *Claims Register*, Proof of Claim No. 2-1.  The next day, M&S amended its claim from an unknown amount to $1,913,195.01.  *Claims Register*, Proof of Claim No. 2-2.  Then, on the same day, M&S filed a second claim, which appears to modify the amended claim, by stating that $1.00 of the $1,913,195.01 is a secured claim.  *Claims Register*, Proof of Claim No. 3-1.  Before the Debtor's bankruptcy, M&S tried to collect on the Note when the Debtor failed to repay the Note.  *Claims Register*, Proof of Claim Nos. 2-2.  Because the Debtor failed to pay the Note, M&S filed a *Motion for Summary Judgment in Lieu of Complaint* against the Debtor in New York Supreme Court.  *Id*.  The New York Supreme Court entered an order granting M&S summary judgment on January 21, 2021.  *Id*.  The next day, the Debtor filed this bankruptcy case.  ECF No. 1.

---

[2] The Court makes no findings as to the actual value of the Property and utilizes the amounts provided by the Debtor for purposes of illustration.  The Court acknowledges that the Property may have a different value and the Trustee asserts the Property may be worth more.  But, the actual valuation is not a factor for the underlying decision.  The Court uses the Debtor's value for discussion purposes only.

[3] The Trustee filed a Notice of Assets on February 18, 2021, and the Court set a bar date of May 19, 2021, for filing proof of claims.  ECF Nos. 13 and 13-1.  To date, LVNV Funding, LLC filed the only other *Proof of Claim* in the case for $418.84.  *Claims Register*, Proof of Claim No. 1-1.

### *THE OBJECTIONS TO THE PROPERTY EXEMPTION*

The Trustee and M&S (together the "**Objectors**") each objected to the Debtor's real property exemption.  ECF Nos. 19 and 27.  On March 8, 2021, Donald V. Biase, the Chapter 7 Trustee (the "**Trustee**"), filed the *Trustee's Objection to Debtor's Claimed Exemptions and Request for Extension of Time to Determine if Personal Property Subject to Lien is of Consequential Value to the Bankruptcy Estate* (the "**Trustee's Objection**").  ECF No. 19.  The Trustee asserts that even though the Property is held in a tenancy by the entirety, it cannot be exempt from the bankruptcy estate under section 522(b)(3)(B) because it is not exempt from process under New Jersey law.  ECF No. 19 at 2; A/P ECF No. 11-3.  Shortly thereafter, on March 18, 2021, M&S also filed an objection to the Debtor's claimed exemptions titled *Moses & Singer LLP's Objection to Debtor's Claimed Exemptions* ("**M&S's Objection**"), which incorporated the Trustee's Objection and expanded the arguments.  ECF No. 27.

The Debtor filed an opposition to both objections.  ECF No. 45.  The Debtor argues, contrary to the Objectors, it is precisely because the Property is held in a tenancy by the entirety, that it is exempt from the bankruptcy estate under New Jersey law.  *Id*. at 1-2.  First, the Debtor contends that N.J.S.A. 46:3-17.4 insulates the Property from process because it requires both spouses to consent to "affect their interest".  ECF No. 45 at 2.  Second, the Debtor asserts that the New Jersey Legislature, by enacting N.J.S.A. 46:3-17.4, brought New Jersey into the "majority view" of various states' treatment of tenancies by the entirety property, thereby shielding the Property from process.  ECF No. 45 at 2.  Finally, the Debtor alleges that a tenancy by the entirety is made up of only one property interest, which cannot be divided and is not subject to creditors' collection efforts.  *Id*. at 5; A/P ECF No. 7 at 4.

The Trustee filed a response (the "**Trustee's Response**") explaining the history of the law in New Jersey regarding tenancies by the entirety and asserting that N.J.S.A. 46:3-17.4, while changing New Jersey law, does not affect a creditor's ability to reach a debtor's individual interest in entireties property.  ECF No. 50; A/P ECF No. 11-3 at 6.  The Trustee takes the opposite view of the Debtor.  The Trustee asserts that in New Jersey, a tenancy by the entirety is comprised of both a joint and an individual right in property.  A/P ECF No. 11-3 at 5-7.  M&S also filed a response, which fully incorporates the Trustee's Response.  ECF No. 54.  The Trustee then filed a letter brief supplementing his objection.  ECF No. 102.  The Debtor responded with a letter brief.  ECF No. 104.  Both letter briefs included many of the same arguments articulated in the prior pleadings, but also introduced additional case law.  *See* ECF Nos. 102 and 104.

The Court held a hearing and heard oral argument.  The Court closed the record and reserved.[4]  ECF No. 112 at 88.

### DISCUSSION

The primary issue before the Court is whether the Debtor's interest in the Property is exempt from process under N.J.S.A. 46:3-17.2–17.5 (the "**Act**").  If the Property is exempt from process under the Act, then the Property is exempt from the bankruptcy estate pursuant to 11 U.S.C. § 522(b)(3)(B), and the Debtor keeps his interest in the Property.  If the Property is not

---

[4] At the October 20, 2021 hearing, the Court requested that the parties—post-hearing—advise the Court of specific issues in the adversary proceeding that would survive the Court's decision herein.  ECF No. 112 at 5-10.  The Court advised the parties that future submissions would be limited to responding to the Court's request and providing any new, relevant case law post-dating the hearing.  *Id*.  On November 11, 2021, Debtor's Counsel wrote a letter that partially responded to the Court, and partially exceeded the Court's instructions.  A/P ECF No. 27.  The letter set forth additional arguments, despite the record having been closed on any argument not supported by case law post-dating the hearing.  *Id*.  The Trustee filed a letter submitting that the Debtor's letter was improper.  A/P ECF No. 29.  The Court reminds the parties that the Court gave specific instructions that no legal arguments/submissions would be accepted unless new law was issued prior to a decision being rendered.  ECF No. 112 at 88.  For this opinion, the Court disregards any arguments submitted in A/P ECF Nos. 27 and 29.

exempt from process, then it remains property of the estate and may be subject to administration by the Trustee for the benefit of the Debtor's creditors.

### THE DEBTOR'S CLAIMED EXEMPTIONS

Section 522 of the Bankruptcy Code provides that a debtor may exempt certain property from the bankruptcy estate. *See* 11 U.S.C. § 522. A debtor may elect to use federal or state exemptions. 11 U.S.C. § 522(b)(1). A debtor's claimed exemptions are presumed valid. *In re Scioli*, 586 Fed. App'x. 615, 617 (3d Cir. 2014). A party in interest has thirty days after the conclusion of the section 341(a) meeting of creditors to object to a debtor's exemptions unless the period is extended. *See Schwab v. Reilly*, 560 U.S. 770, 775 (2010); Fed. R. Bankr. P. 4003(b) and 9006. The objecting party bears the initial burden of production and persuasion. *In re Scioli*, 586 Fed. App'x. at 617. If the objecting party produces evidence to rebut the presumption, "the burden of production then shifts to the debtor to come forward with unequivocal evidence to demonstrate that the exemption is proper." *Id*.

In this case, the 341(a) meeting was held on February 18, 2021. The Trustee filed the Trustee's Objection on March 8, 2021. ECF No. 19. M&S filed its objection on March 18, 2021. ECF No. 27. No one disputes that the Objectors timely filed their objections. The issue is whether the Objectors met their burden of demonstrating that the Debtor's exemption of the Property is invalid under section 522(b)(3)(B). And if so, has the Debtor shown that the exemption is proper?

Here, the Debtor asserts an exemption under section 522(b)(3)(B), which permits the Debtor to exempt "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is *exempt from process* under nonbankruptcy law." 11 U.S.C. § 522(b)(3)(B) (emphasis added). The parties agree that the Property is owned

by the Debtor and Mrs. Weiss as tenants by the entirety.  What they disagree on is the exact nature

of the Debtor's interest in the Property and whether that interest is subject to process.  The parties

also agree that section 522(b)(3)(B) directs the Court to review New Jersey state law to determine

if the Property is exempt from process.

After reviewing New Jersey law in conjunction with section 522(b)(3)(B), the Court finds

the Objectors produced enough legal support to rebut the presumption that Debtor's Property

exemption is valid.  The Debtor, on the other hand, failed in his burden to provide authority

demonstrating that the Property exemption is valid.  The Debtor's arguments—at first blush—

appear to have some traction.  But, in the end, there is no support under the current law to find in

the Debtor's favor.

### THE ACT EXPRESSLY PROVIDES THAT THE DEBTOR POSSESSES DUAL INTERESTS IN THE PROPERTY

The Debtor alleges that there is only a single interest in entireties property *i.e.*, the joint

shared interest.  The Debtor correctly recognizes that there is also a right of survivorship in

entireties property.  Yet the Debtor argues, so long as the tenancy by the entirety is intact, the

undivided joint interest and the right of survivorship are one and the same.  Under the Debtor's

theory, a tenancy by the entirety is comprised solely of the individual interests merged with the

undivided interest.  The Debtor interprets the Act to say that "there is not a separate property

interest," only a joint shared interest.  ECF No. 112 at 74.  Alternatively, the Debtor contends that

if there is a separate survivorship interest, "it only exists as an inchoate future interest that is

separate from a debtor's interest in entireties property."  A/P ECF No. 7-1 at 8 n.3.  The Court

disagrees with the Debtor on both theories.

A tenancy by the entirety is a form of joint ownership created "when property is held by a

husband and wife with each becoming seized and possessed of the entire estate." *N.T.B. v. D.D.B.*,

442 N.J. Super. 205, 218 (App. Div. 2015) (quoting *Capital Fin. Co. of Del. Valley, Inc. v. Asterbadi*, 389 N.J. Super. 219, 227 (Ch. Div. 2006). Spouses, as tenants by the entirety, are provided a "means of protecting marital assets . . . and . . . security for one spouse on the death of the other." *N.T.B.*, 442 N.J. Super. at 218 (internal citations omitted). Entireties property is "an undivided tenancy in common for the joint lives of the spouses subject to the right of survivorship of each." *Id.* at 219; *see* N.J.S.A. 46:3-17.4–17.5. Tenants by the entirety hold an undivided interest, and each tenant also "holds his or her title independently of the other." *N.T.B.*, 442 N.J. Super. at 218. "Upon the death of either spouse, the surviving spouse shall be deemed to have owned the whole of all rights under the original instrument of purchase, conveyance, or transfer from its exception." N.J.S.A. 46:3-17.5. Simply, a tenant by the entirety holds dual interests in entireties property—a shared undivided interest and an individual right of survivorship. *See* N.J.S.A. 46:3-17.4–17.5; *N.T.B.*, 442 N.J. Super. at 218-19.

The Court's analysis of N.J.S.A. 46:3-17.4 and 17.5 begins with their plain language. *See IUE-CWA v. Visteon Corp.* (*In re Visteon Corp.*), 612 F.3d 210, 219 (3d Cir. 2010). The plain language of a statute is conclusive, "except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafter." *U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242 (1989) (internal citations omitted). When a statute's language is plain and unambiguous "the sole function of the courts . . . is to enforce it according to its terms." *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004) (citing *Hartford Underwriters Inc. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000)). "Courts must presume that a legislature says in a statute what it means and means in a statute what it says." *Visteon Corp.*, 612 F.3d at 220 (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992)). A court may only inquire into the legislative history of a statute "if the plain meaning [of a statute] produces a result that is not just

unwise but clearly absurd." *U.S. v. Terlingo*, 327 F.3d 216, 221 (3d Cir. 2003) (internal citations

omitted); *Lamie*, 540 U.S. at 534. The plain language in N.J.S.A. 46:3-17.4 and 17.5 demonstrate

two separate interests in the Property exist.

### The Debtor Possesses A Joint Interest In The Property

The Court considers the operative words and construction of N.J.S.A. 46:3-17.4 along with

N.J.S.A. 46:3-17.5 to ascertain the Debtor's interest in the Property and whether it is insulated

from process. Section 17.4 is clear and unambiguous. "Neither spouse" may affect "their interest"

in the tenancy by the entirety. *See* N.J.S.A. 46:3-17.4. The pronoun "neither" is commonly

understood to mean "not the one or the other of two or more." Merriam-Webster (2021);

Dictionary.com (2021) ("not one person or the other"). "Spouse" refers to a married person. *See*

*generally Obergefell v. Hodges*, 576 U.S. 644 (2015). Spouse is a singular noun. Taken together,

"neither spouse" means that not either the Debtor or Mrs. Weiss may unilaterally disturb their

interest in the Property. "Their" is the possessive form of they and "modif[ies] a noun indicating

something possessed by the persons with which their is in subjective relation." Oxford English

Dictionary (3d ed. 2013). "Their" is a plural adjective. "Interest" is a singular noun. The word

"interest" is modified by the word "their." Accordingly, the interest refers to something owned

together by both spouses. With respect to the Property, "their interest" describes the Debtor and

Mrs. Weiss' undivided shared interest in the Property. Simply, not either the Debtor or Mrs. Weiss

can do anything to affect their joint interest in the Property without both agreeing in writing. *See*

N.J.S.A. 46:3-17.4.

Here, neither the Debtor nor Mrs. Weiss executed a writing permitting their joint interest

in the Property to be subject to any creditors' rights, which means their joint undivided interest is

protected.  The Debtor would have the Court stop at this point and render a decision in his favor.

However, the analysis does not end there.

### The Debtor Possesses An Individual Interest In The Property

As the New Jersey Appellate Division determined and the Act recognizes, a tenant by the

entirety also holds a separate individual interest in entireties property—the right of survivorship.

*See* N.J.S.A. 46:3-17.5; *N.T.B.*, 442 N.J. Super. at 218-19.  A tenant's right of survivorship is

recognized by New Jersey courts and codified in the Act at N.J.S.A. 46:3-17.5.  Under N.J.S.A.

46:3-17.5, "[u]pon the death of either spouse, the surviving spouse shall be deemed to have owned

the whole of all rights under the original instrument of purchase, conveyance, or transfer from its

inception." *Id.*  But until the death of one spouse, which is when the individual interest in the right

of survivorship merges to become an interest wholly owned by the surviving spouse, each spouse

owns a separate right of survivorship.  The Debtor ignores the express language of this section and

ascribes another meaning to the Act.  The Act must be read as a whole, and one section may not

be ignored to favor another.  *See generally King v. St. Vincent's Hosp.*, 502 U.S. 215, 221 (1991).

The Debtor cannot simply cite N.J.S.A. 46:3-17.4 and ignore N.J.S.A. 46:3-17.5, which

immediately follows.  When read together, the plain language of N.J.S.A. 46:3-17.5 creates

independent survivorship interests, which each spouse holds separate and apart from "their

interest," referred to in N.J.S.A. 46:3-17.4.  The Debtor's right of survivorship in the Property is

an individually held interest.  Every New Jersey court that examined this issue after the enactment

of the Act holds the same.  *See Jimenez v. Jimenez*, 454 N.J. Super. 432 (App. Div. 2018); *State v*

*Reiter*, No. A-2167-18T3, 2020 WL 224595 (N.J. Super. Ct. App. Div. Jan. 15, 2020).  The

Debtor's interpretation of the Act is a novel one.  The Debtor stands alone in his interpretation,

which is contrary to the plain language of the Act and conflicts with New Jersey law.  The Act is

clear.  A tenancy by the entirety is made up of two distinct interests.  Accordingly, the Debtor

holds both a joint interest shared with Mrs. Weiss, *and* an individual right of survivorship.

Contrary to the Debtor's assertion, it is these two interests *together* that form the Debtor's interest

in the Property.

### A LEVY IS A COMPONENT OF PROCESS IN NEW JERSEY

Neither the Bankruptcy Code, New Jersey statutes nor case law define the term "process."

Process is generally understood to be the steps a creditor takes to attach a lien and levy upon a

debtor's property.  For example, in New Jersey, a judgment creditor automatically has a lien

against all the debtor's property in the state once a creditor dockets a judgment.  *See N.B. Sav.*

*Bank v. Markouski*, 123 N.J. 402, 412 (1991).  The procedure to execute upon such a judgment

lien involves several steps—which together comprise "process":

> [a]fter obtaining and docketing a money judgment pursuant to N.J.S.A. 2A:16-1, a
> creditor delivers a writ of execution to the sheriff. *See* N.J.S.A 2A:17-10.  The
> sheriff is first required to levy on the goods and chattels in the county, N.J.S.A.
> 2A:17-1, and if insufficient, to levy on the real property held by the debtor.

*Markouski*, 123 N.J. at 412.  Once a levy occurs, the execution must first be made against the

judgment debtor's personal property.  N.J. Court Rule 4:59-1(d) (*Process to Enforce Judgments*).

If the personal property is insufficient to satisfy the lien, the creditor must then make a motion to

sell the judgment debtor's real property.  *Id.*  Simply, judgment creditors are paid first from

personalty then from real property.

The Debtor contends the Act completely shields his interest in the Property from process.

Specifically, the Debtor argues that a creditor of only one spouse is precluded from levying upon

entireties property in New Jersey.

12

### THE DEBTOR'S INDIVIDUAL INTEREST IN THE PROPERTY IS SUBJECT TO PROCESS BECAUSE A CREDITOR MAY LEVY ON IT

The New Jersey Supreme Court was the first court to cite N.J.S.A. 46:3-17.4.  *See Freda v. Commercial Tr. Co*., 118 N.J. 36, 40-41 (1990).  In *Freda*, the New Jersey Supreme Court discussed N.J.S.A. 46:3-17.4 and explained that the Act was inapplicable to the *Freda* case because the tenancy in dispute was created nineteen years before the effective date of the Act.  *See Freda*, 118 N.J. at 40-41.  Instead, the New Jersey Supreme Court applied common law principles to determine the effect of a mortgage unilaterally placed on entireties property.  *Id*.  While N.J.S.A. 46:3-17.4 did not apply, the *Freda* case merits discussion because it acknowledges the individual right of survivorship, which was recognized under common law and later codified in N.J.S.A. 46:3-17.5.

In *Freda*, a husband and wife owned their marital home as tenants by the entirety.  *Freda*, at 38-39.  Unbeknownst to the wife, the husband forged the wife's signature while executing a mortgage on the marital home to secure a loan for his struggling business.  *Id*.  The couple later divorced.  *Id*.  The wife received the marital home as part of equitable distribution of the marital assets.  *Id*.  Several years later, the ex-wife discovered the forgery when her former husband defaulted on the mortgage and filed bankruptcy.  *Id*. at 39.

The mortgagee conceded that the non-debtor wife's interest in the marital home was not affected by the mortgage.  *Id*. at 38.  The *Freda* court, however, had to determine whether the equitable distribution of the marital home extinguished the mortgage lien on the debtor husband's interest after he conveyed the marital home to the wife.  *Id*. at 38, 40.  The *Freda* court held that "after equitable distribution to the non-debtor spouse of the debtor spouse's interest in a tenancy by the entirety, the mortgage continues as a lien on *that interest*, subject to the non-debtor spouse's right of survivorship."  *Id*. at 38 (emphasis added).  The *Freda* court permitted a lien on the

entireties property because the mortgage lien predated the effective date of the Act. It also recognized the lien was subject to the *individual* right of survivorship.  That individual right of survivorship is what is set forth in N.J.S.A. 46:3-17.5.

Seven years later, the New Jersey Appellate Division faced a similar issue to the one in the *Freda* case.  *See Vander Weert v. Vander Weert*, 304 N.J. Super. 339 (App. Div. 1997).  The debtor in *Vander Weert* unilaterally mortgaged entireties property during divorce proceedings to cover legal expenses associated with the divorce.  *Id*. at 342.  The *Vander Weert* court examined the effect, if any, the mortgage had on the equitable distribution of marital assets.  *Id*. at 345.  The *Vander Weert* court explained that N.J.S.A. 46:3-17.4 did not apply, because like the tenancy in *Freda*, the relevant tenancy by the entirety was created prior to the effective date of the Act. *Vander Weert*, 304 N.J. Super. at 345 (citing *Freda*, 118 N.J. at 40).

Applying common law principles, the *Vander Weert* court held that the mortgage lien extends only to the portion of the entireties property awarded to the mortgagor by way of equitable distribution.  *Id*. at 342.  In so holding, the *Vander Weert* court indicated that the issue would not arise with respect to tenancies by the entirety created after the effective date of the Act because N.J.S.A. 46:3-17.4 "prohibits either spouse from severing, alienating, or otherwise affecting their respective interests in the tenancy during marriage or upon separation without the written consent of the other." *Vander Weert*, 304 N.J. Super. at 354 (citing *Freda*, 118 N.J. at 40 (quoting N.J.S.A. 46:3-17.4)).  Like *Freda*, the *Vander Weert* court permitted one spouse to encumber entireties property.  *See Vander Weert*, 304 N.J. Super. at 342.  Importantly however, the *Vander Weert* court never analyzed the effect of the mortgage on the spouses' individual rights of survivorship because there was no need to extend the analysis to that point.  *See id*.

Neither *Freda* nor *Vander Weert* applied the Act.  As such, the Debtor's reliance on *Vander Weert* is misplaced.  The *Vander Weert* court determined whether a spouse's mortgage lien, placed on entireties property during a pending divorce, affected the equitable distribution of marital property.  Equitable distribution relates to the valuation of the spouses' interests between each other rather than a determination of creditors' rights.  *Id*.  The Debtor relies on *dicta* in *Vander Weert*, which suggests that the issue before it would not arise with respect to tenancies by the entirety created after the effective date of the Act.  ECF No. 112 at 53-54.  However, the issue before the Court is whether one spouse's individual interest in entireties property is subject to process—an issue the *Vander Weert* court never discussed.

In 2018, the New Jersey Appellate Division became the first New Jersey court to fully examine and apply N.J.S.A. 46:3-17.4.  *See Jimenez*, 454 N.J. Super. at 439.  The *Jimenez* court recognized that there was "no reported New Jersey opinion directly on point interpreting N.J.S.A. 46:3-17.4 in the third-party creditor context."  *Jimenez*, 454 N.J. Super. at 439.  The *Jimenez* court cited favorably to *Montemoino* and *Wanish*—two bankruptcy cases from Florida and Pennsylvania (respectively) that opined on the Act.  *Jimenez*, 454 N.J. Super. at 439 (citing *In re Wanish*, 555 B.R. 496, 499 (Bankr. E.D. Pa. 2016) (quoting *In re Montemoino*, 491 B.R. 580, 589 (Bankr. M.D. Fl. 2012))).  Both the *Montemoino* and *Wanish* cases encountered similar issues to the one before the Court.  *See Montemoino*, 491 B.R. at 588-91; *Wanish*, 555 B.R. at 499-500.  Unlike this Court, neither the *Montemoino* nor *Wanish* courts had the benefit of the *Jimenez* decision to guide their interpretation of the Act.  That guidance makes a difference in understanding whether entireties property is subject to process.  The *Jimenez* case clearly demonstrates that entireties property is still subject to levy post the effective date of the Act.  Taken further, because entireties property is subject to levy, then it remains subject to process.

15

While *Jimenez* mentions the *Montemoino* case, the *Montemoino* court never analyzed section 522(b)(3)(B), which is the Bankruptcy Code section permitting debtors to utilize state exemptions. *See Jimenez*, 454 N.J. Super. at 439; *Montemoino*, 491 B.R. at 584-85. Instead, the *Montemoino* court, in evaluating the debtor's defense to a fraudulent transfer action, examined "whether entireties property is exempt from process (by a creditor of one spouse) under applicable non-bankruptcy law (*i.e.*, New Jersey state law)."[5] *Montemoino*, 491 B.R. at 584 n.3. After a thorough review of New Jersey law regarding tenancies by the entirety, the *Montemoino* court recognized that the Act accomplished at least three things. *Id*. at 588-89. First, the *Montemoino* court found that the Act expressly includes personal property. *Id*. at 589. Next, the *Montemoino* court found that the New Jersey Legislature intended to afford greater protection to entireties property, by creating a presumption that spouses hold property by the entirety, absent a manifest indication to the contrary. *Id*. Lastly, the *Montemoino* court found that:

> the prohibition on either spouse severing, alienating, or otherwise affecting their interest in the tenancy by the entirety during marriage without the written consent of both spouses evidences the legislature's intent to preserve the entireties estate and to elevate the interests of a married couple in the protection of their entireties property over the interest of a creditor of a single spouse in executing upon such property.

*Id*.

---

[5] In *Montemoino*, the debtor and her non-filing spouse owned real property as tenants by the entirety. *Montemoino*, 491 B.R. at 583. In the year preceding the debtor's bankruptcy filing, the debtor and her non-debtor spouse sold real property held as tenants by the entirety. *Id*. Although the check from the sales proceeds was in both the debtor and non-debtor spouses' names, the check was deposited "into a bank account titled solely in the Debtor's non-filing spouse's name." *Id*. Consequently, section 522(b)(3)(B) did not apply in the *Montemoino* case because the debtor did not have an interest in the sales proceeds as a tenant by the entirety immediately before filing for bankruptcy, which is what the Bankruptcy Code requires. *Id*. at 584. In other words, the *Montemoino* debtor could not exempt the sale proceeds because the debtor transferred her interest prior to filing for bankruptcy. *Id*. The trustee in *Montemoino* sued the debtor to recover a fraudulent transfer. *Id*. at 583-84. The debtor used tenancy by the entirety as a defense to the fraudulent transfer action. *Id*. The debtor argued that the trustee could not bring a fraudulent transfer action "to recover property which is initially and legitimately owned in the tenancy by the entirety form, because such property is exempt from the claims of creditors of only one spouse." *Id*. The debtor proved successful. *Id*. at 591.

The *Montemoino* court concluded that N.J.S.A. 46:3-17.4 prevents a creditor of one spouse from executing on entireties property. *Montemoino*, 491 B.R. at 588. However, the *Montemoino* court never analyzed whether the Act specifically precluded a creditor from levying upon the debtor's individual interest in entireties property—*i.e.*, the right of survivorship. Notably, the *Montemoino* court referenced the Act, but did not discuss N.J.S.A. 46:3-17.5, which specifically provides for the right of survivorship. *See Montemoino*, 491 B.R. at 585-90 (recognizing that the New Jersey Legislature enacted a series of statutes governing tenancies by the entirety: N.J.S.A. 46:3-17.2—N.J.S.A. 46:3-17.4); *see also* N.J.S.A. 46:3-17.5. The holding in *Montemoino* reflects that a creditor of one spouse may not execute on entireties property in New Jersey. *Montemoino*, 491 B.R. at 585-90. Yet, the *Montemoino* court never discussed the impact of N.J.S.A. 46:3-17.5, which provides an individual right of survivorship to a tenant by the entirety. *See* N.J.S.A. 46:3-17.5. The *Jimenez* case tells us that the right of survivorship remains subject to process post the Act. *See Jimenez*, 454 N.J. Super. at 436.

In *Wanish*, the debtor sought to exempt a mobile home from the bankruptcy estate under section 522(b)(3)(B), which the debtor owned in a tenancy by the entirety. *Wanish*, 555 B.R. at 497-98. The debtor in *Wanish* alleged that a creditor of one spouse is precluded from levying upon or selling entireties property under N.J.S.A. 46:3-17.4. *Wanish*, 555 B.R. at 497-98. The *Wanish* court held that creditors of only one spouse "are prohibited from levying or selling the [entireties property] under applicable New Jersey law without the consent of the Debtor's spouse and, therefore, the Debtor's interest in the [entireties property] is exempt under § 522(b)(3)(B)." *Wanish*, 555 B.R. at 499-500. The *Wanish* court explained "the prohibition on a spouse's ability to alienate his or her own interest in the entireties property under N.J.S.A. 46:3-17.4 'evidences the legislature's intent to preserve the entireties estate.'" *Wanish*, 555 B.R. at 499-500 (quoting

*Montemoino*, 491 B.R. at 589); *but see State Farm Mut. Auto. Ins. Co. v. Snyder*, No. 13-2172, 2013 WL 5948089, at 6 n.6 (E.D. Pa. Nov. 6, 2013) (explaining that, contrary to Pennsylvania law, New Jersey permits a creditor to reach a debtor's entireties interest and although N.J.S.A. 46:3-17.4 may have changed the law, absent a ruling from the New Jersey Supreme Court,  the court "decline[d] to adopt the holding in *Montemoino* to the extent it suggests that the [Act] has overruled, sub-silentio, New Jersey common law developed over the better part of a century").

The *Wanish* court relied on the "unanimous holding of all the cases issued after the enactment of the NJ Statute which analyzed the NJ Statute" to support exempting entireties property from process.  *Wanish*, 555 B.R. at 499-500.  The Objectors correctly state that at the time *Wanish* was decided, while other cases may have discussed the Act, *Montemoino* was the only case that examined N.J.S.A. 46:3-17.4.  ECF No. 112 at 39.  The *Wanish* court wholeheartedly adopted *Montemoino,* but in doing so and like *Montemoino*, the *Wanish* court also does not address N.J.S.A. 46:3-17.5 or analyze whether a spouse's individual right of survivorship is subject to process.  *See Wanish*, 555 B.R. at 497-500 (discussion limited to "N.J.S.A. 46:3-17.2 through 17.4").

The *Jimenez* court mentions that its interpretation of N.J.S.A. 46:3-17.4 was previously discussed by other courts. *Jimenez*, 454 N.J. Super. at 439 (citing *Wanish*, 555 B.R. at 499 (quoting *Montemoino*, 491 B.R. at 589)).  In *Jimenez*, a married couple owned an undeveloped tract of land as tenants by the entirety. *Jimenez*, 454 N.J. Super. at 434.  The debtor spouse defaulted on a line of credit, and his creditors sought to execute on the undeveloped entireties property.  *Id*. at 434-35.  Specifically, the debtor spouse's creditors filed a motion requesting the partition and sale of the undeveloped entireties property.  *Id*.  The Appellate Division explained that the motion judge reluctantly denied the creditor's motion, despite "prior case law," because "N.J.S.A. 46:3-17.4

now disallows such a remedy." *Jimenez*, 454 N.J. Super. at 435.  The Appellate Division affirmed. *Id*. at 339.

The *Jimenez* court held that N.J.S.A. 46:3-17.4 supersedes the equitable standard set forth in *Newman v. Chase*, which permitted a court to order a partition of entireties property.  *See Jimenez*, 454 N.J. Super. at 439 (citing *Newman v. Chase*, 70 N.J. 254, 262 (1976)).  The *Jimenez* court explained that, "but for the Legislature's adoption of N.J.S.A. 46:3-17.4, the court would have possessed the equitable authority recognized in *Newman* to consider directing the partition of [entireties property]." *Jimenez*, 454 N.J. Super. at 437-39.  Accordingly, partition and sale of real property is no longer an available remedy to a creditor of only one spouse.[6]  *Id*. at 437-39. The *Jimenez* court recognized that N.J.S.A. 46:3-17.4 "literally commands that 'neither spouse' may sever, alienate, or otherwise affect their shared interests in [a] tenancy by the entirety." *Id*. at 438 (quoting N.J.S.A. 46:3-17.4).

But, the *Jimenez* holding is a narrow one.  While the *Jimenez* court precluded the ability of a creditor to force the partition and sale of the spouses' shared interest, it never curtailed other creditor rights.  Specifically, and of the utmost importance to this case, the *Jimenez* court recognized—even post the Act—creditors may still levy on a tenant's individual right of survivorship.  *Id*. at 436.  However, like *Montemoino* and *Wanish*, the *Jimenez* court never specifically mentioned N.J.S.A. 46:3-17.5 even though it recognized the effect of N.J.S.A. 46:3-17.5 when it stated, "a tenant by the entirety can alienate his or her right of survivorship, and a judgment creditor of either spouse may levy and execute upon such right." *Jimenez*, 454 N.J. Super at 436 (quoting *N.T.B.*, 442 N.J. Super. at 218) (citation omitted).  As has long been

---

[6] The *Jimenez* court made clear, however, that N.J.S.A. 46:3-17.4 would not preclude a remedy against entireties property "when the title was deeded as a fraudulent conveyance in order to avoid known debts to creditors." *Id.* at 439.

permitted under New Jersey law and reinforced by the *Jimenez* court, a creditor of one spouse may attach and levy on a debtor's individual survivorship interest. *Jimenez*, 454 N.J. Super. at 436.

Here, the Debtor ignores that a levy occurred in *Jimenez*, which was accepted by the court without issue. *See id*. at 434-36. The levy was the precursor to whether the creditor could obtain the remedy of partition and sale. *See id*. The *Jimenez* court never questioned the levy and simply acknowledged its existence. *See id*. at 437-39. The levy already occurred. *See id*. The only question that remained for the *Jimenez* court was whether, after the levy, the creditor could obtain the remedy of partition and sale. *Id*. The *Jimenez* court could have found the levy unlawful if the entireties property was not subject to process. The *Jimenez* court never made that finding. Instead, the levy remained. *See id*. The Jimenez court held that only partition and sale are precluded by the Act—and nothing else. *Id*. The *Jimenez* court, while favorably mentioning *Montemoino* and *Wanish*, never adopted the over-expansive protection afforded by them. *See Jimenez*, 454 N.J. Super at 437-39. In other words, the *Jimenez* court, by ruling the way it did, acknowledged that the Debtor's individual interest in entireties property is subject to process. It is only the Debtor's shared interest that is not.

More recently, the New Jersey Appellate Division had another opportunity to analyze N.J.S.A. 46:3-17.4. *See Reiter*, 2020 WL 224595 at 3-6. In *Reiter*, a married couple owned, as tenants by the entirety, an affordable housing unit in a condominium park. *Id*. at 1, 3. The deed to their jointly owned property required both spouses to occupy the property as their primary residence. *Id*. at 1. If either spouse breached the occupancy requirement, the township in which they lived could sue and seek "all remedies provided at law or equity." *Id*. at 6. The Chancery Division found that the wife vacated the property and failed to occupy the property as her primary

residence. *Id*. at 3.  The Chancery Division determined whether the wife's breach of the occupancy requirement affected the spouses' interests in the tenancy by the entirety. *Id*.

As a result of violating the occupancy provision in the deed, the Chancery Division terminated the wife's interest in the entireties property. *Id*.  Her right of survivorship was then transferred to the township—a creditor of only the wife. *Id*.  However, the non-debtor husband's interest in the entireties property remained unaffected. *Id*.  In its analysis, the Chancery Division determined the township would possess no interest in the entireties property if the wife predeceased the non-debtor husband. *Id*.  Conversely, if the non-debtor husband predeceased the wife, the township would wholly own the property. *Id*.

On appeal, the Appellate Division determined that the Chancery Division "properly applied the remedy of partition under N.J.S.A. 46:3-17.4." *Reiter*, 2020 WL 224595 at 6.  The Appellate Division explained that a "tenant by the entirety 'can alienate his or right of survivorship, and a judgment creditor of either spouse may levy and execute upon such right,' yet neither can 'force the involuntary partition of the subject property during marriage.'" *Id*. at 6 (quoting *N.T.B.*, 442 N.J. Super. at 218).

*Jimenez* and *Reiter*—both New Jersey Appellate Division decisions—agree that a spouse may alienate his or her right of survivorship and a judgment creditor may levy and execute upon that right. *See Jimenez*, 454 N.J. Super. at 436; *Reiter*, 2020 WL 224595 at 6.  The protections provided in the Act solely apply to the joint interest held by the spouses, not their individual interests. *See* N.J.S.A. 46:3-17.4–17.5.  By virtue of the Act, a creditor of one spouse can no longer achieve the remedy of partition and sale of the joint interest in entireties property without written consent from both spouses. N.J.S.A. 46:3-17.4.  But the Act permits, and the New Jersey Appellate Division agrees, that the same creditor may levy on a spouse's individual interest.  On its face,

N.J.S.A. 46:3-17.4 only refers to the shared, joint entireties interest. It is completely silent regarding a spouse's individual right of survivorship because N.J.S.A. 46:3-17.4 has no impact on a creditor's rights related to survivorship interests found in N.J.S.A. 46:3-17.5. But, to ignore N.J.S.A. 46:3-17.5 is a mistake. Both sections must be read together. To do otherwise, as suggested by the Debtor, renders N.J.S.A. 46:3-17.5 meaningless. The law in New Jersey was and remains clear that a spouse may alienate the right of survivorship and a creditor of that spouse may levy upon such right. Here, the Property is subject to process because creditors may levy and execute on the Debtor's right of survivorship. While New Jersey state law may not allow partition and sale, it most certainly permits entireties property to be subject to process. The Bankruptcy Code only protects a debtor's entireties property if it is exempt from process.

Interestingly, the Debtor requests that this Court ignore a New Jersey district court case that specifically analyzes section 522(b)(3)(B). *See In re Tarquinio*, No. 17-CV-01917, 2017 WL 5707538 at 6 (D.N.J. Nov. 27, 2017). In *Tarquinio*, the district court examined whether entireties property is exempt from process under New Jersey law. *Id*. The district court held that it is not. *Id*. The *Tarquinio* case post-dates both *Montemoino* and *Wanish*. The debtor in *Tarquinio* attempted to exempt entireties property from the bankruptcy estate under section 522(b)(3)(B). *Tarquinio*, 2017 WL 5707538 at 6. A creditor received a judgment in state court against the *Tarquinio* debtor. *Id*. at 1. The sheriff levied upon the debtor's entireties property. *Id*.[7] The debtor filed for bankruptcy less than one month after the levy. *Tarquinio*, 2017 WL 5707538 at 1. The district court affirmed the bankruptcy court's decision to sustain the creditor's objection to the claimed exemption in real property. *Id*. at 6. The district court explained "it is well established

---

[7] The Court naturally concludes that a New Jersey state court would not have entered an order permitting the sheriff to levy upon the debtor's entireties property if the Act prohibited such an action. *See generally Markouski*, 123 N.J. at 412 (describing a creditor's process for collecting on a judgment in New Jersey). Like the later case *Jimenez* previously discussed, the levy was never at issue. *See Jimenez*, 454 N.J. Super. at 434-36.

that a debtor's interest in property held as tenant by the entirety may be reached by the debtor's creditors." *Id*. (quoting *S.E.C. v. Antar*, 120 F. Supp. 2d 431, 449 (D.N.J. 2000) (citing *Newman*, 270 N.J. 254 (1976)). The *Tarquinio* court specifically recognizes the debtor's individual interest in entireties property. *See Tarquinio*, 2017 WL 5707538 at 6.

The Debtor requests that the Court ignore the holding in the *Tarquinio* case because the Debtor alleges: (1) the *Tarquinio* court did not analyze N.J.S.A. 46:3-17.4; (2) the *Tarquinio* case relies on *Newman*, which was superseded by statute; and (3) the *Tarquinio* case pre-dates *Jimenez*. ECF Nos. 45 at 9 and 112 at 70. The Debtor is correct that the case pre-dates *Jimenez*, but so do other cases on which the Debtor so heavily relies (*Montemoino* and *Wanish*). The difference is, unlike the *Montemoino* and *Wanish* cases, the *Tarquinio* case squarely aligns with *Jimenez*. The other cases do not. They fail to recognize spouses' individual rights of survivorship, which are subject to process.

The Debtor also argues that the law cited in *Tarquinio* is no longer controlling because it was superseded by N.J.S.A. 46:3-17.4. ECF No. 45 at 9. The enactment of N.J.S.A. 46:3-17.4 did not supersede all prior case law discussing tenancies by the entirety. As the Objectors correctly assert, it is solely the case law relating to a creditor's remedy of partition and sale that changed. ECF No. 112 at 27. Neither the Act, *Jimenez* nor *Reiter* changed the ability of a creditor of one spouse from reaching a survivorship interest in entireties property. In fact, the Act codifies that right and maintains that a separate interest exists. The Act makes no mention of curtailing creditors' rights in executing on the survivorship interest nor does it offer any further protections of that interest. If the New Jersey Legislature sought to change the law regarding the right of survivorship in entireties property, it would have plainly said so. It was certainly well-versed and had the benefit of reviewing the law pertaining to tenancies by the entirety from different

jurisdictions when it created the Act.  The New Jersey Legislature never made that change.  The

law in New Jersey remains clear.  Entireties property is subject to process.  A creditor of one

spouse may levy upon a spouse's right of survivorship, which is an interest in a tenancy by the

entirety.  Here, a creditor may levy on the Debtor's right of survivorship.  Hence, the Property is

subject to process.

### THE ACT'S LEGISLATIVE HISTORY ALIGNS WITH THE BREADTH OF LEGAL AUTHORITY RECOGNIZING THAT SPOUSES POSSESS AN INDIVIDUAL RIGHT OF SURVIVORSHIP

As discussed, the Act is clear and unambiguous.  At times, the Debtor seems to agree.  But

then the Debtor (perhaps in the alternative) directs the Court to the Act's legislative history.  Even

if the Act is ambiguous (and it is not), the legislative history of the Act further supports the Court's

conclusions.  The Debtor alleges that the Act was created to bring New Jersey into the majority

view of tenancy by the entirety law and protect one spouse's entireties property from the creditors

of the other.  On that singular point, the Court agrees with the Debtor.  The New Jersey Legislature

promulgated the Act to provide certain protections to one spouse from the other's creditors.  The

Court, however, disagrees with the Debtor with respect to how much protection the New Jersey

Legislature intended to provide.  While providing more protection than under common law, the

Act did not provide an absolute free pass to a tenant by the entirety to avoid certain processes by

which a creditor might collect on an unpaid debt.

The New Jersey Commission on Sex Discrimination in the Statutes (the "**Commission**")

conducted an extensive review of New Jersey marriage and family law in 1980 and 1981.  *See*

STATE OF NEW JERSEY COMMISSION ON SEX DISCRIMINATION IN THE STATUTES: TOWARD

ECONOMIC EQUITY, Third Report, at 618 (1985).  The Commission made recommendations to the

New Jersey Legislature to cure "the inadequacy of economic protection and the absence of

24

recognition afforded the non-wage earner spouse during marriage." *Id*. Specifically, the Commission recognized that since most non-wage earners in marriage were women, "the inadequacy of economic recognition and protection under New Jersey law [had] a disparate, negative impact on women." *Id*. at 619. The Commission's recommendations were guided by the concept that marriage is an economic partnership and only a partnership model of property ownership would "ensure that an egalitarian property system within New Jersey is realized." *Id*. at 620. The Commission focused on tenancies by the entirety because its form of property ownership is only available to a married couple. *Id*. at 622.

The Commission stated "[t]he majority of states that have retained tenancy by the entirety provide that neither spouse can alienate or encumber entirety property without the consent of the other spouse." *Id*. at 622-23. The Commission acknowledged that entireties property, in the majority of states, was "protected from the separate debts of either spouse." *Id*. at 623. Importantly, in those states, a creditor of either spouse must "wait to determine which spouse survives and then may only collect on the separate debt if the debtor spouse survives." *Id*. Prior to the Act, and unlike in the majority of states, "each spouse held a separate right to one-half interest in entirety property during marriage subject to the survivorship rights of the other spouse" and "either spouse [could] alienate or encumber his or her one-half interest." *Id*. Additionally, a creditor of either spouse could seek the partition of entireties property or an accounting to satisfy the debt of one spouse before the Act. *Id*. Lastly, a creditor was entitled to "the survivorship interest if the debtor survive[d]. If the nondebtor survive[d], the nondebtor [was] entitled to full ownership of the entirety property." *Id*.

The legislative history of the Act evinces that the purpose of the Act was to protect a non-debtor spouse from the other spouse's creditors. The New Jersey Legislature had plenty of

guidance on how to draft the Act.  It chose not to, as the Debtor argues, completely insulate entireties property from process.  The legislative history is clear on that point.  The Commission indicated that, unlike entireties property in the majority of states, entireties property in New Jersey prior to the Act, consisted of two separate one-half interests subject to the survivorship interest of each spouse.  *Id*.  Each spouse was permitted to unilaterally alienate and encumber the individual one-half interest.  *Id*.  This permitted a creditor of one spouse to force the involuntary partition of the entireties property.  *Id*.  The Act did away with that remedy.  *See* N.J.S.A. 46:3-17.4; *Jimenez*, 454 N.J. Super. at 433-34.

Yet, the Act continued to recognize the right of survivorship.  Neither the Act nor the relevant case law interpreting it curtailed a creditor's ability to levy and execute on a spouse's individual right of survivorship.  The continuance of that right subjects the Debtor's interest in the Property to process, which in turn, requires the disallowance of any exemption under 11 U.S.C. § 522(b)(3)(B).  The plain language of the Act, New Jersey case law analyzing the Act, and the legislative history of the Act are all in accord.  An individual's interest in entireties property—the right of survivorship—is subject to process.  Therefore, the Debtor's claimed exemption attempting to remove the Property from the bankruptcy estate must fail.

## CONCLUSION

The Debtor seeks to shield a substantial amount of equity in the Property from his bankruptcy estate, which could be available for distribution to his creditors.  Specifically, the Debtor attempts to exempt the Property from the bankruptcy estate pursuant to section 522(b)(3)(B).  The Debtor incorrectly contends that the Act permits him to keep the substantial equity in the Property by declaring that it is insulated from process.  In fact, the Act and New Jersey case law tell us otherwise.  The Debtor's individual interest in the right of survivorship,

which is an interest in the Property, is subject to process under New Jersey law.  The Debtor fails

to cite to any New Jersey case or statute that states differently.  The Debtor's claimed exemption

in the Property fails under section 522(b)(3)(B) because the Property is subject to process under

New Jersey law.

 For the foregoing reasons, the Trustee's Objection and M&S's Objection seeking to

disallow the Debtor's claimed exemption in the Property are GRANTED.  An appropriate Order

will be entered by the Court.

Dated:  March 15, 2022

               Honorable Stacey L. Meisel
               United States Bankruptcy Judge