**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
*Caption in Compliance with D.N.J. LBR 9004-1(b)*
Daniel B. Weiss
90 Prospect Terrace
Tenafly, NJ 07670
(201) 314-3409
*Counsel to Debtor*

| | |
|---|---|
| In re: | Case No. 21-10514-SLM |
| STEPHEN NORMAN WEISS, | Chapter 7 |
| Debtor. | Hon. Stacey L. Meisel |

# STATEMENT OF ISSUES ON APPEAL UNDER RULE 8009

Stephen Norman Weiss (the "Debtor") hereby submits, under Rule 8009 of the Federal Rules of Bankruptcy Procedure, this Statement of the Issues to be Presented on Appeal, relating to the Debtor's appeal of the Bankruptcy Court's March 15, 2022 Decision and Order disallowing the Debtor's claimed exemption in the tenancy by the entirety property located at 90 Prospect Terrace, Tenafly, NJ 07670 (the "Property"):

(1) Whether the Bankruptcy Court erred by failing to hold that, as a matter of New Jersey law, a tenancy by the entirety created after the effective date of and governed by N.J.S.A. §§ 46:3-17.2–17.5 (the "Act"), consists of one interest, owned by both spouses as a marital unity, that neither spouse may sever, alienate, or otherwise affect without the written consent of the other spouse.

(2) Whether the Bankruptcy Court erred by failing to hold that, as a matter of New Jersey law, N.J.S.A. §§ 46:3-17.4 prohibits the creditor of only one spouse from subjecting to process, as the term process is used in Bankruptcy Code § 522(b)(3)(B), any interest that that

spouse owns in a tenancy by the entirety without the written consent of the non-debtor spouse, where such tenancy was created after the effective date of the Act.

     (3)     Whether the Bankruptcy Court erred by disallowing the Debtor's claim exemption in the Property under Bankruptcy Code § 522(b)(3)(B).

                                        Respectfully submitted,

                                        <u>/s/ Daniel B. Weiss</u>
                                        Daniel B Weiss
                                        *Counsel to Debtor*